LAWRENCE E. GEROSA, Individually and as Comptroller of the City of New York, et al., Plaintiffs, *v.* LONG ISLAND RAIL ROAD COMPANY, Defendant.

Supreme Court, Special Term, New York County, February 21, 1955.

*Saxe, Bacon, O'Shea & Bryan (William J. O'Shea, Bernard Sobol, Lawrence Chaffee, Henry J. Kennedy* and *Charles F. McGuire* of counsel), for defendant.

*Leo A. Larkin, Acting Corporation Counsel,* for plaintiffs.

DINEEN, J.  Defendant moves to dismiss the amended complaint for insufficiency pursuant to rules 112 and 113 of the Rules of Civil Practice and for judgment on the pleadings pursuant to section 476 of the Civil Practice Act and also to declare chapter 824 of the Laws of 1954 constitutional and valid. Chapter 824 was enacted at an extraordinary session of the Legislature relating to railroads qualifying as railroad development corporations.  The plaintiffs contend that the Railroad Redevelopment Corporations Act as enacted by chapter 824 of the Laws of 1954 is unconstitutional in that it

violates section 17 of article III and section 1 of article XVI of the State Constitution, which articles and sections prohibit passing a private or local bill granting exclusive privilege, immunity or franchise or exemption from taxation on real or personal property. Defendant urges that plaintiffs lack power or authority to challenge the constitutionality of the Railroad Redevelopment Corporations Act. Assuming that the plaintiffs possess the right to bring this action, then the controversy narrows down to the sole issue of whether or not the act which is attacked is constitutional or, putting it in other words, is the legislation special as distinguished from general. The answer thereto must be found in the statute itself. The Court of Appeals in the *Matter of New York Elevated R. R. Co.* (70 N. Y. 327, 350) distinguished the two in the following language: " A law which relates to persons or things as a class is general, but one which relates to particular persons or things of a class is special and private." The authorities applicable to the instant case hold that even though the defendant was the only one coming within that class at the time of the enactment, that does not change the general character of the act since the statute itself applies to any railroad " now or hereafter " qualifying in such class and does not exclude the possibility of other railroads qualifying some time in the future. The law does not specify any particular railroad nor does it grant exclusive franchise or privilege to defendant but applies equally to all which come within the class in general.

The legislative policy and purposes as declared are to encourage and bring about the rehabilitation, improvement and continued operation by private enterprise of the railroads within the classification to furnish safe, efficient and adequate transportation to the People of the State. Such matter embraces the life, health and safety of the People and is in the public interest. Towards that end it must be noted that the classification is based upon conditions reasonably related to the purposes for the legislation.

After careful examination of the authorities submitted, I conclude that the act is valid and regular upon its face and that it is not limited to any one or number of railroads or to any particular geographical location but applies equally to railroads in the class specified which may presently or hereafter qualify and that, as such, it is general and does not violate the provisions of the Constitution as pertaining thereto. In accordance herewith, it is not necessary to consider whether plaintiffs are proper parties. **Motion granted.**